IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA RUGILA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>    Defendants. | Case No. 24-cv-01218-MMC<br><br>**ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY CLAIMS OF ALL PLAINTIFFS OTHER THAN RUGILA SHOULD NOT BE DISMISSED FOR IMPROPER VENUE** |

    Before the Court is the "Petition for Complaint Under Administrative Procedure Act, and Complaint for Writ of Mandamus," filed February 28, 2024, by plaintiff Carla Rugila ("Rugila"), referred to in said pleading as Lead Plaintiff, and by four other plaintiffs, specifically, Hanri Marcell Surian Maroni, Claudia Regina Cinti Correa Porto, Marcio Campos Chouin Varejao, and Eduardo Luis Jansson, who are referred to in said pleading as, respectively, Second Plaintiff, Third Plaintiff, Fourth Plaintiff, and Fifth Plaintiff. Plaintiffs allege that each of them has filed with United States Citizenship and Immigration Services ("USCIS") an "I-824" application and each such application has been pending for a period of time that is "unreasonable and unjustified." (See Petition ¶ 26.) Plaintiffs seek an order to compel defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security, Ur Mendoza Jaddou, Director of USCIS, and Connie Nolan, Associate Director of the USCIS Service Center Operations Directorate, to adjudicate plaintiffs' I-824 applications.

    Having read and considered the Petition, the Court, as set forth below, will direct plaintiffs to show cause why the claims of all plaintiffs, other than Rugila, should not be dismissed without prejudice for improper venue. See Costlow v. Weeks, 790 F.3d 1486,

1488 (9th Cir. 1986) (holding district court may sua sponte raise issue of defective venue).

Pursuant to 28 U.S.C. § 1391, where, as here, the defendants are officers or employees of the United States, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." See 28 U.S.C. § 1391(e)(1). Section 1391 further provides that "[a]dditional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party." See id.

In the instant action, plaintiffs do not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to any of the five plaintiffs' claims occurred in this district, let alone facts to support any such allegation. Plaintiffs do allege, however, that Rugila resides in this district (see Petition, Caption), and, as the instant action does not involve property, plaintiffs have sufficiently alleged venue is proper in this district as to her claims.

Plaintiffs allege that the remaining plaintiffs, i.e., the Second through Fifth Plaintiffs, reside in "different states." (See Petition ¶ 10.) Consequently, venue is proper as to their claims only if, as set forth above, venue would be proper if the United States or one of its officers, employees, or agencies was not a party. In that regard, 28 U.S.C. § 1391 sets forth the venue requirements for an action in which the United States or one of its officers, employees, or agencies is not a party, and provides that a civil action may, under such circumstances, be brought in the following:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

2

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See 28 U.S.C. § 1391(b).

As noted above, plaintiffs do not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district. Consequently, the only remaining possibility is the circumstance identified in § 1391(b)(3), namely, that where "there is no district in which an action may otherwise be brought," the action may be brought in a district in which "any defendant is subject to the court's personal jurisdiction with respect to such action." The complaint, however, includes no facts to support a finding that any defendant would be subject to personal jurisdiction in this district as to claims asserted on behalf of the Second through Fifth Plaintiffs. Moreover, plaintiffs fail to allege facts to support a finding that "there is no district" in which the claims of the Second through Fifth Plaintiffs could be brought, see 28 U.S.C. § 1391(b)(3), and it would appear that such district or districts exist, namely, the judicial district where a substantial part of the events or omissions giving rise to their claims occurred, see 28 U.S.C. §§ 1391(b)(2), 1391(e)(1)(B), e.g., the location of the USCIS facility where each plaintiff's application is pending or the judicial district in which each plaintiff resides, see 28 U.S.C. § 1391(e)(1)(C).

Accordingly, for the reasons stated above, plaintiffs are hereby DIRECTED to show cause, in writing and no later than March 31, 2024, why the claims of all plaintiffs, other than Rugila, should not be dismissed without prejudice for improper venue.

**IT IS SO ORDERED.**

Dated: March 12, 2024

_____
MAXINE M. CHESNEY
United States District Judge