IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA RUGILA, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>  Defendants. | Case No. 24-cv-01218-MMC<br><br>**ORDER DISMISSING CLAIMS OF PLAINTIFFS MARONI, PORTO, VAREJAO, AND JANSSON FOR LACK OF VENUE** |

    Before the Court is plaintiffs' "Response to Court's Order to Show Cause; Opposition to Dismissal for Improper Venue," filed March 28, 2024, whereby plaintiffs respond to the Court's Order of March 12, 2024 ("March 12 Order"), in which plaintiffs were directed to show cause why the claims of four of the five plaintiffs should not be dismissed for lack of venue.

    Plaintiffs are five individuals, specifically, Carla Rugila ("Rugila"), Hanri Marcell Surian Maroni ("Maroni"), Claudia Regina Cinti Correa Porto ("Porto"), Marcio Campos Chouin Varejao ("Varejao"), and Eduardo Luis Jansson ("Jansson"), who seek an order directing the United States Citizenship and Immigration Services ("USCIS") to issue a ruling on their "pending I-824 applications." (See Compl. at 2:2-6.)

    The defendants named in the above-titled action are Alejandro Mayorkas ("Mayorkas"), the Secretary of the Department of Homeland Security (see Compl. ¶ 6), Ur Mendoza Jaddou ("Jaddou"), the Director of USCIS (see Compl. ¶ 7), and Connie Nolan ("Nolan"), the Associate Director of USCIS's Service Center Operations Directorate (see Compl. ¶ 8).

    Where, as here, an action is brought against officers of the United States, the

propriety of venue is determined pursuant to 28 U.S.C. § 1391(e), which provides that venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action," see 28 U.S.C. § 1391(e)(1), and that "[a]dditional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party," see id.

In its March 12 Order, the Court directed plaintiffs to show cause why venue was proper under § 1391(e) as to the claims brought on behalf of Maroni, Porto, Varejao, and Jansson.[1]  In their response, plaintiffs argue venue is proper as to such claims for the reason that a defendant "resides here" and that "[d]efendants have a place of business within the Northern District of California."  (See Pls.' Response at 3:11-15.)  As set forth below, the Court is not persuaded.

First, although plaintiffs do not identify which defendant they assert resides in the Northern District of California, it is readily apparent that none do.  Under established caselaw, where, as here, an action is brought against a federal officer in his or her official capacity, the officer's residency is the place in which the federal agency is located.  See, e.g., Butterworth v. Hill, 114 U.S. 128, 132 (1885) (holding, in action seeking order to compel "commissioner of patents" to issue patent, commissioner's "official residence" was District of Columbia, where federal agency was located); Reuben H. Donnelly Corp. v. Federal Trade Comm'n, 580 F.2d 264, 266 n.3 (7th Cir. 1978) (holding "residence of a federal officer has always been determined by the place where he performs his official

---

[1] In said Order, the Court, by contrast, found sufficient facts had been alleged to support a finding that, as to the claims asserted on behalf of Rugila, venue was proper, specifically, the allegation that Rugila "resides" in the Northern District of California.  (See Compl. ¶ 10.)

1  duties"). Here, Mayorkas is a resident of the District of Columbia, where the Department
2  of Homeland Security is located, see Ahuja v. Mayorkas, 2022 WL 18456171, at 2 n.4 (D.
3  N.J. April 18, 2022) (holding Mayorkas, when sued in his capacity as Secretary of
4  Department of Homeland Security, "indisputably 'resides' in Washington D.C."), and
5  Jaddou and Nolan are both residents of Maryland, where USCIS is located, see
6  Sadasivan v. Emmel, 2023 WL 4187445, at *4 (E.D. Cal. June 26, 2023) (finding, for
7  purposes of lawsuit seeking to compel USCIS to rule on pending application, named
8  USCIS officers resided in Maryland, where USCIS is located).

9  Next, to the extent plaintiffs rely on their assertion that the Department of
10 Homeland Security and USCIS have offices in the Northern District of California, plaintiffs
11 cite no authority to support a finding that a federal officer is a resident of any district in
12 which the agency has an office, and courts to have considered that issue have found the
13 location of a regional office does not suffice to establish residency. See, e.g., Reuben H.
14 Donnelly Corp., 580 F.2d at 266-67 (rejecting argument federal agency can be sued in
15 any district in which it has "regional office"; finding such interpretation of
16 § 1391(e)(1)(A) "would, as a practical matter, render [other subsections in § 1391(e)(1)]
17 superfluous").

18 Accordingly, for the reasons stated above and in the March 11 Order, the claims of
19 plaintiffs Maroni, Porto, Varejao, and Jansson are hereby DISMISSED without prejudice
20 for improper venue.

21 **IT IS SO ORDERED.**

23 Dated: April 2, 2024

MAXINE M. CHESNEY
United States District Judge